No. 31,768

OPAL M. CALDWELL, *Appellee*, v. MILLARD SCHLATTER, *Appellant*.

(37 P. 2d 13)

Opinion filed November 3, 1934.

*J. S. Simmons, Alva L. Fenn, Herbert E. Ramsey* and *Stuart Simmons,* all of Hutchinson, for the appellant.

*Charles Hall* and *Ellis Clark,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by Opal M. Caldwell to recover damages from Millard Schlatter, whose truck was driven against her automobile causing her loss and injury. It is alleged that the truck was driven at a dangerous rate of speed; second, that he drove across the black mark indicating the center of the highway or the middle of the pavement on the bridge; and that he

failed to slow down while passing her. Her automobile was nearly new and was of the value of $875; that it was damaged to the extent of $475; damages alleged for personal injuries sustained were $2,500; and pain and suffering was fixed at $2,000. The total damages asked were $5,263.18. The jury returned a verdict for plaintiff awarding her $900.13. With the verdict the jury answered a number of special questions as follows:

"1. Do you find from the evidence that the plaintiff entered on the east end of the bridge and the defendant's truck at the west end of the bridge about the same time? A. Plaintiff entered first.

"2. How far west of the point of collision was the defendant's truck when very close to or up against the south curbing of the bridge? A. Not agreed.

"3. State whether or not you find from the evidence the collision occurred about 75 feet west of the middle of the bridge. A. Yes.

"4. Was the defendant's truck at any time north of the middle line of the bridge, and if so, at what point? A. Yes—at point of contact.

"5. If you find that the driver of the defendant's truck was negligent, state of what the negligence consisted. A. Loss of control—should have stopped."

A motion for a new trial alleged erroneous rulings and instructions of the court; that the verdict and decision was given under the influence of passion and prejudice, and was contrary to the evidence.

On the evening of January 17, 1933, as the plaintiff was driving across the bridge about two miles west of Nickerson, defendant's truck was driven upon the bridge. Some sleet had been falling, and that on the ground had melted, but that which fell on the bridge did not melt, and the truck was inclined to skid. When the plaintiff drove her car upon the slanting approach her car skidded, but she had no trouble straightening it out, and was driving on the right side of the road when she saw the truck coming about a quarter of a mile away at rapid speed. The bridge was about 360 feet long and she was almost across when the collision occurred. She testified that the collision occurred within 25 feet of the west end of the bridge, and she was going westward when she was struck by the truck.

Counsel for defendant took some chances in abbreviating the record. He had a transcript of the evidence, but did not bring much of it to the court. He brought parts of it showing a tendency of the truck to skid, and that the corner of the truck entered the door of plaintiff's car. Counsel say that the proof as to the damage to her automobile is not deemed pertinent to the purpose of the appeal, and it is not preserved. Next follows the testimony as to personal

injury and of being in the hospital, which was not brought up. Next follows more proof of personal injury, which is not abstracted nor preserved, as it was not deemed by appellant to be pertinent. There was testimony of the time and expense of plaintiff's illness after she left the hospital, which defendant did not bring up on the ground that he did not deem it pertinent. There was testimony as to taking Mrs. Smith to Hutchinson, testimony as to the size of the truck, and the accumulation of sleet on the windshield, and that the sleet was coming right on the windshield of the car, which is not produced. The court instructed the jury, but the instructions are not preserved. It is said that they had no complaint to make of the instructions.

Glenn Schlatter was the driver of the defendant's truck. He testified that he was not exceeding 25 miles an hour, while others said he was driving about 37 miles per hour; that the truck had not skidded after coming on the bridge nor had it skidded at any place in crossing the bridge; that he did not at any time pass over the center of the bridge; that the windshield wiper was not operating, and that he had to clean the windshield every eight miles or so. He had not wiped the windshield for five miles before he reached the bridge. Defendant was traveling 37 miles an hour, according to some of the testimony, and lost control of his car when he came upon the bridge, and he might have stopped until after Miss Caldwell had passed over. The collision appears to have happened when the automobile of plaintiff was 25 feet from the western end of the bridge. How much the truck skidded or was inclined to skid is not shown. While plaintiff's automobile skidded when it came upon the bridge where it was slanting, she had no trouble in straightening up her car, and she was driving on the right side of the bridge. The driver of the truck says he was not skidding either on coming upon the bridge or in crossing it.

So far as the findings are concerned, there was no objection to them. The jury found that the driver lost control of his truck and it may have been due to the excessive speed with which he drove upon the bridge, or it may be accounted for by the fact that he drove past the middle of the bridge and on the wrong side of it; or it may have been that he failed to slow up when he was passing plaintiff. In any event the driver lost control of his car, and, as he says he did not skid, it follows that he cannot place the damage on the skidding of the car.

The plaintiff, it appears, was driving from about 23 to 25 miles an hour. The truck was going about 37 miles an hour and defendant lost control of his car, and went across the center mark in the bridge and struck plaintiff's car and caused the injury.

If the evidence as to the injury to her car had been presented, and if the evidence as to personal injury had been preserved and presented, it might have thrown some light on the loss of control. The same would have been true as to her personal injury, which defendant says was not pertinent, and when he collided with her and she lost consciousness.

There was testimony as to a statement plaintiff made as to clearing of the windshield, and some of it might have been of importance as to the negligence of the defendant.

The court appears to have given correct rules of law in the instructions as to the liability of defendant and the parts omitted from the record may have been valuable in determining the negligence of the defendant.

We think the evidence was sufficient to support the verdict and the findings of the jury, and, therefore, the judgment is affirmed.